UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD GRANT, SR., | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. RDB-08-2791 |
| | * | |
| ISEC, INCORPORATED, *et al.* | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

This Answer and Affirmative Defenses to Plaintiff's Amended Complaint[1] is submitted on behalf of Defendant, ISEC, Incorporated, ("ISEC" or the "Company"), and, subject to their defense of insufficient and improper service of process, on behalf of Defendants Donald Filkins, Michael Safchuck, Gabe Scherman, Richard Springer, Michael Hanke, James McAllister, Jefferey Morrow, and Louis Daniels, by and through their undersigned counsel and state as follows:

1. With respect to Paragraph 1 of Plaintiff's Complaint, Defendants admit that jurisdiction lies within the United States District Court for the District of Maryland, Northern Division. Defendants deny that they committed any unlawful employment practices.

2. Regarding Paragraph 2 of Plaintiff's Complaint, Defendants incorporate herein their response to Paragraph 1, above.

3. With respect to Paragraph 3 of Plaintiff's Complaint, Defendants admit that venue lies within this District.

---

[1] References to the Amended Complaint are referred to herein as "Plaintiff's Complaint."

4. Regarding Paragraph 4 of Plaintiff's Complaint, Defendants incorporate herein their response to Paragraph 3, above.

5. With respect to Paragraph 5 of Plaintiff's Complaint, Defendants incorporate herein their response to Paragraph 3, above.

6. Regarding Paragraph 6 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 7, 2006, in which he contended he was subject to race, color, and age discrimination. Defendant ISEC further admits that Plaintiff received an EEOC "Dismissal And Notice Of Rights" on or about July 17, 2008. Defendants are without knowledge as to whether Plaintiff has complied with all the administrative prerequisites for the maintenance of his claims, and therefore neither deny nor admit that allegation.

7. With respect to Paragraph 7 of Plaintiff's Complaint, Defendant ISEC incorporates herein its response to Paragraph 6, above.

8. Regarding Paragraph 8 of Plaintiff's Complaint, Defendant ISEC admits the allegations contained therein, but denies any suggestion that Plaintiff was an experienced carpenter or otherwise possessed the level of skills experience that he represented he had at the time he was hired by ISEC.

9. Defendant ISEC admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant ISEC admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant ISEC admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     With respect to Paragraph 12 of Plaintiff's Complaint, Defendants ISEC, Filkins and Hanke admit that on one or more occasions Plaintiff was assigned to work on a Company project on the Johns Hopkins University campus, but deny the allegation that he was discriminatorily denied the opportunity to work over-time and/or subject to retaliatory harassment.

13.     With respect to Paragraph 13 of Plaintiff's Complaint, Defendants ISEC and Safchuck admit that, on at least one occasion, the Plaintiff worked on a job where Defendant Safchuck was a foreman, but deny that Plaintiff was discriminated against by Defendant Safchuck at that time or any time thereafter.

14.     Regarding Paragraph 14 of Plaintiff's Complaint, Defendants ISEC, Scherman and Hanke admit that, on least one occasion, Plaintiff worked on a job where Defendants Scherman and Safechuck were foremen. Defendants further admit that during the course of his employment with Defendant ISEC, Plaintiff contended that he was assigned jobs of a less complex nature than other carpenters were because of his race. Defendants deny that claim and state that all carpenters were assigned positions based on their experience and skill and the needs of a particular job.

15.     With respect to Paragraph 15 of Plaintiff's Complaint, Defendants ISEC and Hanke incorporate herein their response to Paragraph 14, above. Defendants ISEC, Hanke and Filkins deny that Plaintiff was discriminatorily refused the right to work overtime.

16.     Regarding Paragraph 16 of Plaintiff's Complaint, Defendants ISEC and Springer admit that Defendant Springer investigated Plaintiff's allegation that Plaintiff had been discriminatorily denied overtime and concluded that the facts did not support that contention. Defendants deny that Plaintiff was subject to an "alien and hostile discriminatory environment".

17. Defendants ISEC and McAllister deny that Defendant McAllister conducted a separate investigation of Plaintiff's overtime allegation. Further answering Paragraph 17 of Plaintiff's Complaint, Defendants ISEC and McAllister incorporate herein the response to Paragraph 16, above.

18. Regarding Paragraph 18 of Plaintiff's Complaint, Defendants incorporate their response to Paragraph 8, above. Further answering this paragraph of Plaintiff's Complaint, Defendant ISEC states that Plaintiff's rate of pay was based on his representations regarding his carpentry experience and skills, which were not accurate as evidenced by his actual job performance.

19. With respect to Paragraph 19 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff worked as a carpenter at a job site at the Johns Hopkins University campus and that his rate of pay was $20 an hour. Defendant ISEC denies any suggestion that Plaintiff's prior job performance warranted a raise.

20. Regarding Paragraph 20 of Plaintiff's Complaint, Defendant ISEC admits that there were times that Plaintiff may have been the only African American employee at a particular job site and, that there were times, he would be working along with other African-American employees. Defendant ISEC denies any suggestion that race was ever a factor in the Plaintiff's or any other carpenters' job assignments.

21. With respect to Paragraph 21 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff was subject to no discrimination at its warehouse facility, and denies any inference that Plaintiff was subject to discrimination at any other job site.

22. While not having knowledge of any specifics, with respect to Paragraph 22 of Plaintiff's Complaint, Defendant ISEC states that Plaintiff may have received occasional

compliments on aspects of his work, but denies that Plaintiff's "work ethic, attitude, production and performance" were satisfactory, or approached standards of an experienced carpenter.

23. Regarding Paragraph 23 of Plaintiff's Complaint, Defendant ISEC admits that, on one occasion, Plaintiff was placed on administrative leave with pay after he failed to comply with his supervisor's instruction that he not engage in an activity that the supervisor deemed to be unsafe. Separate and apart from that matter, Defendant ISEC admits that some coworkers of the Plaintiff believed he was responsible for a lost or missing drill, which turned out not to be the case.

24. With respect to Paragraph 24 of Plaintiff's Complaint, Defendant ISEC states that, on a recurring basis, the Plaintiff claimed that his experience as a carpenter was such that he could perform complex carpentry work. Defendant ISEC further states that Plaintiff's actual job performance did not support this contention. Finally, Defendant ISEC denies that Plaintiff's job performance warranted his receiving a raise.

25. Regarding Paragraph 25 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff was told not to report for work on the Saturday in question, as was true of a number of his Caucasian coworkers, and further states that this was done for legitimate, nondiscriminatory reasons.

26. With respect to Paragraph 26th of Plaintiff's Complaint, Defendants ISEC and Filkins admit that Plaintiff arrived at the worksite on a Saturday when he was not scheduled to report and others were working. Defendant denies the remaining allegations of the paragraph.

27. Regarding Paragraph 27 of Plaintiff's Complaint, Defendants ISEC and Filkins admit that Plaintiff had a confrontation with Filkins about not being asked to work that Saturday

and was told to report to Mr. Morrow for a reassignment. Defendants otherwise deny the allegations of the paragraph.

28.   With respect to Paragraph 28 of Plaintiff's Complaint, Defendant ISEC is not aware of any basis for Plaintiff's claim that he "learned the visit to Columbia, Maryland could be the precursor to discharge." Defendant further states that it had no such intention.

29.   Regarding Paragraph 29 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff filed a charge of discrimination with the EEOC on or about November 7, 2006.

30.   With respect to Paragraph 30 of Plaintiff's Complaint, Defendants ISEC, Morrow and Baker admit that on or about August 1, 2006, Superintendent Jeff Morrow and Senior Operations Manager Ed Baker met with Plaintiff to discuss his performance, tardiness and absenteeism. They deny Plaintiff's characterization of their conversation with him and state that, among other things, they had explained to Plaintiff that his work was not up to the level he claimed to be capable of at the time of his hire.

31.   Regarding Paragraph 31 of Plaintiff's Complaint, Defendant ISEC admits that on or about August 1, 2006 Plaintiff was placed on paid administrative leave and asked to provide a doctor's note regarding his physical ability to perform his job.

32.   With respect to Paragraph 32 of Plaintiff's Complaint, Defendant ISEC admits that Plaintiff was assigned to work at a Johns Hopkins University job site on or about July 8, 2006, at which time he was given a project to permit him to demonstrate that he was capable of more than basic carpentry tasks. Defendant ISEC further states that Plaintiff was unable to perform the job adequately. Defendant ISEC admits that Plaintiff argued that his failure properly perform the job was the fault of others, but denies that claim as well as the balance of the allegations of this paragraph of Plaintiff's Complaint.

33. With regard to Paragraph 33 of Plaintiff's Complaint, Defendants ISEC, Springer and McAllister admit that they met with Plaintiff on or about August 21, 2006 to discuss the results of the investigation regarding the Plaintiff's discrimination claims, and that Plaintiff was informed that the facts did not support his allegations. They deny the balance of Plaintiff's factual allegations.

34. Defendants ISEC and Springer admit that Plaintiff did not accept the results of the investigation of his allegations, but deny the balance of the claims in Paragraph 34 of Plaintiff's Complaint.

35. With respect to Paragraph 35 of Plaintiff's Complaint, Defendant ISEC denies that plaintiff was discriminated against with respect to his job assignments.

36. With regard to Paragraph 36 Plaintiff's Complaint, see response to paragraph 35, above.

37. Defendant Safchuck denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendant ISEC denies the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendant ISEC denies the allegations of Paragraph 39 of Plaintiff's Complaint.

40. Defendant ISEC denies the allegations of Paragraph 40 of Plaintiff's Complaint.

41. Defendant ISEC denies the allegations of Paragraph 41 of Plaintiff's Complaint.

42. Defendant ISEC denies the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Defendant ISEC denies the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Defendant ISEC denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny each and every allegation of the Complaint not otherwise expressly admitted herein.

Defendants are not required to admit or deny the allegations contained in the Wherefore Paragraph of Plaintiff's Complaint. Defendants deny, however, that Plaintiff's claims have any merit or that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES TO COMPLAINT**

1.	Plaintiff's claims are barred insofar as he failed to comply with applicable statutes of limitation.

2.	Plaintiff claims are barred to the extent that they attempt to assert causes of action for which Plaintiff failed to timely exhaust administrative remedies.

3.	Plaintiff has failed to state facts that would support an Equal Pay Act cause of action.

4.	Plaintiff has failed to properly serve each of the non-corporate Defendants (i.e. Donald Filkins, Michael Safchuck, Gabe Scherman, Richard Springer, Michael Hanke, James McAllister, Jefferey Morrow, and Louis Daniels). Accordingly, the defense of insufficient service of process is asserted on behalf of each.

5.	At all times relevant to Plaintiff's allegations, Defendants engage in good-faith efforts to comply with applicable federal laws.

6.	Plaintiff has not alleged conduct sufficiently severe or outrageous towards a claim for compensatory damages.

7.	Plaintiff's Complaint fails to state facts sufficient to state a claim for punitive damages.

**Reservation of Rights**

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

                                          Respectfully submitted,

                                          _____/s/_____

                                          Bruce S. Harrison
                                          Bar No. 00887
                                          SHAWE & ROSENTHAL, LLP
                                          20 S. Charles Street, 11th Floor
                                          Baltimore, MD  21201
                                          Telephone:  (410) 752-1040
                                          Facsimile:   (410) 752-8861

                                          *Counsel for Defendants*

January 30, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint was served this 30th day of January, 2009, via U.S. first class mail, postage prepaid, upon:

> Richard Grant, Sr.
> 6400 Baltimore National Pike #325
> Baltimore, Maryland 21228
> *Plaintiff Pro Se*

 

                                               /s/
                                     Bruce S. Harrison

#194736