THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD GRANT. SR.,          *

        Plaintiff,     *

v.                           *     Civil Action No.:  RDB 08-2791

ISEC, INCORPORATED, *et al.* *

                             *

        Defendants.    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Richard Grant, Sr. ("Plaintiff" or "Grant"), filed this *pro se* action against his former employer, Defendant ISEC Incorporated ("ISEC"), and ISEC employees Louis Daniels, Donald Filinks, Michael Hanneke, James McAllister, Jefferey Morrow, Michael Safechuck, Gabe Sherman, and Richard Springer (collectively, "Defendants") alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"), and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Presently pending before this Court is Defendants' Motion to Dismiss and for Summary Judgment (Paper No. 41), Grant's Motion for Sanctions and Extension of Time to Complete Discovery (Paper No. 42) and Defendants' Motion to Strike Plaintiff's Supplemental Pleadings to Plaintiff's Motion for Sanctions (Paper No. 51). ISEC's submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendants' Motion to Dismiss and for Summary Judgment (Paper No. 41) is GRANTED,

1

Grant's Motion for Sanctions and Extension of Time to Complete Discovery (Paper No. 42) is MOOT, and Defendants' Motion to Strike Plaintiff's Supplemental Pleadings to Plaintiff's Motion for Sanctions (Paper No. 51) is MOOT.

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Richard Grant, Sr., an African American, contends that his former employer, ISEC Incorporated, discriminated against him based on his race and age when it denied him the opportunity to work overtime and ultimately terminated him. Pl.'s Second Am. Compl. ¶1. Grant was approximately 63 years old at the time he was terminated. *Id.* at ¶8. Grant's former employer, ISEC, is a contractor and subcontractor for specialty building interiors and equipment. *Id.* at ¶ 10. ISEC maintains offices nationwide, including in Columbia, Maryland. *Id.*

On February 27, 2006, ISEC hired Grant as a temporary carpenter under the supervision of Defendants Michael Safechuck, Gabe Sherman, Donald Filinks, and Michael Hanneke. *Id.* ¶ 18; *see also* Paper No. 41 ¶ 2. ISEC agreed to pay Grant at a higher than average rate of $20.00 per hour due to his purported carpentry experience. Pl.'s Second Am. Compl. ¶18. On April 1, 2006, Grant accepted ISEC's offer of a permanent position as a carpenter on the Johns Hopkins University Homewood Campus ("Homewood"). *Id.* ¶19. Grant's wage did not increase when he became a permanent employee. *Id.*

On July 28, 2006, one of ISEC's supervisors informed Grant that he would not be needed to work overtime at Homewood the following day. *Id.* ¶ 25. This supervisor told Grant that there was only enough work available for a "skeleton crew." *Id.*; *see also* Paper No. 41 ¶ 4. Grant was one of six employees who were not selected to work overtime on July 29, 2006.

Paper No. 41, Ex. 1 ¶ 4. The other five workers not selected to work overtime were Caucasian. *Id.* Neither party makes any allegation as to the races of the workers who were selected to work overtime on July 29, 2006.[1]

On or about July 31, 2006, Grant wrote a letter to ISEC's Director of Human Resources, Defendant Richard Springer ("Springer"), alleging race discrimination. Pl.'s Second Am. Compl. ¶ 25; *see also* Paper No. 41, Ex. 2. In this letter, Grant complained about "unfair treatment with regards to work assignments," and "denial of rights to first be selected for available overtime work," but did not specify how ISEC had discriminated against him. Paper No. 41, Ex. 2. Grant contends that on or about that same day, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging ISEC discriminated against him on the basis of age and race because he was not selected to work overtime. Pl.'s Second Am. Compl. ¶ 29. The only charge Grant filed with the EEOC that is documented, however, is dated November 7, 2006. Paper No. 41, Ex. 3.

On or about August 1, 2006, ISEC's Installation Superintendent, Defendant Jeffrey Morrow ("Morrow"), and Senior Operations Manager, Ed Baker ("Baker"), met with Grant to discuss his job performance, tardiness, and absences. Pl.'s Second Am. Compl. ¶ 30. Among other concerns, Morrow and Baker told Grant that his performance did not reflect the skill level he claimed on his job application. *Id.* They subsequently placed Grant on administrative leave, pending an investigation into the discrimination complaints he raised in his July 31, 2006 letter. *Id.* ¶ 31.

After conducting this investigation, Springer determined that there was no evidence that any ISEC supervisors discriminated against Grant. *Id.* ¶ 33; *see also* Paper No. 41, Ex. 4.

---

[1] Grant generally alleges that during his employment at ISEC he was occasionally the only African American employee at various a jobsite. Pl.'s Second Am. Compl. ¶ 20. Grant also contends that two of the Caucasian workers chosen to work overtime spoke Spanish. *Id.* at ¶ 25.

3

Springer also concluded that ISEC hired Grant with the understanding that he was an experienced carpenter, as he purported to be in his job application, but that his job performance fell below his asserted skill level. Paper No. 41, Ex. 4. On August 22, 2006, Springer and ISEC's Eastern Division Vice President, Defendant James McAllister ("McAllister"), met with Grant to discuss the results of the investigation. Pl.'s Second Am. Compl. ¶33. After informing Grant that Springer had found his discrimination claims to be unfounded, they told Grant that his administrative leave was over and offered him the opportunity to work at a different jobsite on the Johns Hopkins Bayview Campus ("Bayview"). Id. at 35.

On August 25, 2006, Grant sent another letter to Springer reiterating his contentions that he had been discriminated against because of his race and explaining that he would not return to work. Paper No. 41, Ex. 6. In response, ISEC conducted additional investigations into Grant's claims while continuing to provide him with paid leave. Paper No. 41, Ex. 1 at ¶ 9. On August 28, 2006, Grant began working at the new Bayview site. Paper No. 41 ¶ 17. Grant contends that he worked on less challenging projects and was not given the same privileges as less experienced workers while at Bayview. Pl.'s Second Am. Compl. ¶ 35.

On November 9, 2006, Grant verbally harassed Eva Deickman ("Deickman"), a female lunch wagon employee who worked nearby the Bayview jobsite. Id. at ¶ 21. Grant admits that he used offensive and vulgar language when speaking with Deickman because he was angry. Paper No. 41, Ex. 5 at 171. As a result of this altercation, Bayview's general contractor, Skanska, requested that ISEC remove Grant from the Bayview jobsite. Paper No. 41, Ex. 10. ISEC subsequently conducted an investigation of this incident and received sworn statements from three of Deickman's co-workers stating that Grant had harassed Deickman. Paper No. 41,

Ex. 9. As a result Skanska's concerns and the results of its investigation, ISEC terminated Grant on November 14, 2006. Paper No. 41, Ex. 10.

## **STANDARD OF REVIEW**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the

court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## DISCUSSION

### I. Individual Defendants

Grant has filed this lawsuit alleging his former employer ISEC and eight of its supervisors and human resources representatives discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and because of his race in violation of Title VII. The individually named Defendants bring the pending Motion to Dismiss on the ground that individuals are not subject to liability for employment discrimination under the ADEA or Title VII. Paper No. 41 at 9-11.

Under the ADEA, a plaintiff's remedy is against his employer. *See* 29 U.S.C. § 623(a) ("It shall be unlawful for an *employer* . . .") (emphasis added). The Fourth Circuit has made clear that, absent extraordinary circumstances, the term "employer" does not include individual defendants. *See, e.g., Jiggetts v. Sharpe,* 141 Fed. App'x 162, 163 (4th Cir. 2005) ("Individuals cannot be held liable for employment discrimination under the ADEA."); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that [the individual defendant] is not a proper defendant in this case."). In this case, Grant has pled no extraordinary circumstances justifying a finding of individual liability under the ADEA. The Fourth Circuit has also clearly established that Title VII does not impose individual liability. *Lissau v. Southern Food Service, Inc.,* 159 F.3d 177, 180 (4th Cir. 1998). Accordingly, Defendants' Motion to Dismiss is granted as to the individually named Defendants: Louis Daniels, Donald Filinks, Michael Hanneke, James McAllister, Jefferey Morrow, Michael Safechuck, Gabe Sherman, and Richard Springer.

## II. Wage and Hour Claim

Grant claims that ISEC's alleged discriminatory refusal to offer him overtime violated the Federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"). The FLSA, the MWHL and the MWPCL provide relief for overtime compensation and the payment of wages for hours actually worked. *See* 29 U.S.C. §§ 201 *et seq.* (2009); Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* and 3-501 *et seq.* (2009). None of these statutes, however, provide a cause of action for Grant's allegation – the denial of the *opportunity* to work overtime. Grant makes no allegation that ISEC failed to pay him the wages he was due. Accordingly, Grant's wage and hour claim must be dismissed as a matter of law.

## III. Race and Age Discrimination Claims

A plaintiff who does not have direct evidence to support his claim of discrimination must rely on the well-known *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). To satisfy *McDonnell Douglas*, Grant must first present enough evidence to prove a *prima facie* case of discrimination. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 142-43 (2000). If he can do this, the burden then shifts to ISEC to produce evidence that it took the adverse employment action against Grant "for a legitimate, nondiscriminatory reason." *Id.* at 142 (*citing Tex. Dept. Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If ISEC provides such a reason, the burden shifts back to Grant to show that ISEC's explanation is pretextual. *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998).

ISEC does not contest that Grant has made a prima facie case of race and age discrimination. Instead, ISEC contends that it has a legitimate, non-discriminatory reason for periodically denying Grant the opportunity to work overtime and for ultimately terminating him that he cannot rebut. With respect to Grant's denial of overtime allegations, ISEC maintains that its supervisors select employees to work overtime and other job tasks based upon the employee's ability to perform the work available. Thus, on the occasions Grant was not asked to work overtime, this decision was based upon a supervisor's belief that he lacked the requisite skill level to perform the necessary work. ISEC has produced Grant's own testimony admitting that the supervisor who denied him the opportunity to work overtime July 29, 2006, Don Filkins, had selected him to work overtime on prior occasions. Paper No. 41, Ex. 5 at 213. ISEC also shows that at the time Grant was working at Homewood, fourteen of ISEC's thirty-five employees on the site were over the age of forty, seven of whom were over the age of fifty-six, including one carpenter who was sixty-seven. Paper No. 41, Ex. 1 at ¶ 11. Furthermore, ISEC provides evidence that all of the members of the crew other than Grant who were not selected to work overtime on July 29, 2006 were under forty years old. *Id.* Thus, even viewing the facts in the light most favorable to the plaintiff, this Court finds that ISEC has produced a legitimate, nondiscriminatory reason for periodically denying Grant the opportunity to work overtime, and that Grant has not presented sufficient evidence for a reasonable jury to conclude that ISEC's reasons are a pretext for discrimination.

ISEC also provides legitimate, non-discriminatory reasons why it terminated Grant – his inappropriate conduct towards Eva Deickman, the woman who worked a lunch wagon nearby the Bayview jobsite. Grant admits that he used vulgar and inappropriate language towards Deickman, and does not dispute that these actions prompted Skanska, the general contractor on

the Bayview jobsite, to request that ISEC remove him. Paper No. 41, Ex. 5 at 171. Other than his own conclusory allegations, Grant has not offered any explanation or proof that ISEC terminated him for any other reason than that he acted inappropriately while at Bayview. Given the undisputed facts, ISEC has established a legitimate, nondiscriminatory reason for terminating Grant. Grant has not produced any evidence that ISEC's reasons for terminating him were pretextual. Accordingly, summary judgment is granted in favor of ISEC on Grant's race and age discrimination claims.

IV.     **Outstanding Motions**

Since all of the individual Defendants have been dismissed from this case and summary judgment has been granted in favor of the remaining Defendant, ISEC, Grant's Motion for Sanctions and Extension of Time to Complete Discovery is moot, and Defendants' Motion to Strike Plaintiff's Supplemental Pleadings to Plaintiff's Motion for Sanctions is moot.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss and for Summary Judgment (Paper No. 41) is GRANTED, Grant's Motion for Sanctions and Extension of Time to Complete Discovery (Paper No. 42) is MOOT, and Defendants' Motion to Strike Plaintiff's Supplemental Pleadings to Plaintiff's Motion for Sanctions (Paper No. 51) is MOOT.

A separate Order follows.

Dated: April 19, 2010      /s/ Richard D. Bennett
                           Richard D. Bennett
                           United States District Judge